## · Richmond

RICHARD JOHNSON V. COMMONWEALTH OF VIRGINIA.

March 11, 1937.

Present, All the Justices.

The opinion states the case.

*William Davis Butts*, for the plaintiff in error.

*Abram P. Staples, Attorney-General*, and *Edwin H. Gibson, Assistant Attorney-General*, for the Commonwealth.

HUDGINS, J., delivered the opinion of the court.

The accused was convicted for illegal transportation of ardent spirits, and his punishment fixed at confinement in jail for six months and a fine of $100. The decision of the case turns upon whether or not the evidence is sufficient to sustain the verdict.

W. F. Peach, police sergeant of the city of Newport News, was the only witness introduced by either the Commonwealth or the accused. He testified that about four a. m. on May 26, 1936, he and another officer followed an automobile with three negroes riding in it to 18th and Jefferson Street in the city of Newport News. There the accused and another negro jumped out of the car and ran. The accused was caught and brought back to the car, in the back of which, in plain view, the officers found a five-gallon glass jug of corn whisky. The accused was not the owner or the driver of the car. James Delaney, the driver, did not run when the officers approached. He told them in the presence of the accused that the whisky belonged to the accused, and that the accused had put it in the car near the town of Toano. Richard Johnson at the time denied this and said he did not know anything about it. Later, on his trial for illegal transportation, James Delaney admitted that the whisky was his and that Johnson did not own it, and, in fact, knew nothing about it.

Code, section 4675 (50), as added by Acts 1934, ch. 94, § 50, provides:

"If any person * * * shall have, possess, keep, carry, ship, or transport alcoholic beverages which are acquired by such person or any person for whom he is acting in violation of the provisions of this act he shall be guilty of a misdemeanor."

It is not clear from the record whether the accused was tried under the Act of 1934 or as amended in 1936 (chapter 255). Even if the 1936 amendment is valid (and as to its validity we express no opinion), it does not affect the conclusion hereinafter stated. The mere presence of a person in an automobile in which intoxicating liquor, illegally acquired, is being transported, is not conclusive proof of illegal

possession or illegal transportation. Even under the Layman Act this court held in *Spratley* v. *Commonwealth*, 154 Va. 854, 152 S. E. 362, 364:

"The mere presence of a person in an automobile in which intoxicating liquor is being transported, with or without his knowledge, which is not shown to be owned by him or under his possession or control, single or joint, is not a crime; nor is it made by the statutes of Virginia *prima facie* evidence of his transportation of or aiding or abetting the transportation of the intoxicating liquor in the automobile; nor is it alone sufficient to sustain a conviction of him upon a charge of transporting intoxicating liquor."

The additional fact, that the occupant of an automobile in which intoxicating liquor is being illegally transported, fled, on the approach of officers, is not sufficient to establish the crime charged beyond a reasonable doubt.

For the reasons stated, judgment of the trial court is reversed, the verdict of the jury is set aside, and the case remanded.

*Reversed.*